**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION NO. 06-0881** |
| **VERSUS** | * | **JUDGE JAMES** |
| **JOHNNY G. SMITH, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

On November 6, 2008, the undersigned magistrate judge ordered defendants, Johnny G. Smith and Irene D. Smith (a/k/a Irene Stephens Wiggins) to show cause on or before November 21, 2008, why a default judgment should not be entered against them in accordance with Federal Rule of Civil Procedure 37(b)(2)(A)(vi) for their failure to appear at an August 7, 2008, scheduling conference. (November 6, 2008, Show Cause Order). The delays have since lapsed, and defendants have not filed a response. Accordingly, for reasons set forth below, the undersigned recommends that the answers filed by defendants, Johnny G. Smith and Irene D. Stephens Wiggins be STRICKEN, and that a judgment of default be entered against said defendants, awarding penalty assessments, statutory interest, and all assessable court costs in favor of the government and against said defendants in an amount to be determined following the government's submission of competent summary judgment evidence.

## Procedural History

On May 26, 2006, the United States of America filed the instant complaint against Johnny G. Smith ("Smith"), Irene D. Stephens Wiggins f/k/a Irene D. Smith ("Wiggins"), Steve W. Swinford ("Swinford"), and Pete T. Gunn, III ("Gunn") pursuant to 26 U.S.C. §§ 7402 and

6672 for unpaid federal trust fund recovery penalties stemming from each defendant's alleged wilful failure to withhold and pay over employment taxes to the government on behalf of ALM Trucking Co., Inc. (Compl., ¶ 3). The complaint alleges that on April 3, 2002, a delegate of the Secretary of the Treasury issued assessments to Smith and Wiggins for penalties related to their wilful failure to withhold and pay over employment taxes owed by ALM in an amount totaling $161,410.97 for the tax periods extending from the last quarter of 1998 to the last quarter of 2000. (Compl., ¶¶ 9-12). Nonetheless, defendants refused to pay the full amount of the assessments. *Id*.

Similarly, on March 30, 2005, a delegate of the Secretary of the Treasury issued assessments to Swinford and Gunn for penalties related to their wilful failure to withhold and pay over employment taxes owed by ALM in an amount totaling $ 68,150.99 for the tax periods extending from the last quarter of 1999 to the last quarter of 2000. (Compl., ¶¶ 13-16). However, defendants refused to pay the full amounts of the assessments. *Id*.

The complaint prayed for judgment against each of the defendants in the amount of the assessments outlined above, plus interest accrued since the date of the assessments, minus any payments made. (Compl., Prayer).[1]

On September 20, 2006, defendants, Smith and Wiggins, appearing in proper person, each filed answers to the complaint. [doc. #s 3-4]. The pleadings are both two sentences long and state that Smith and Wiggins: 1) were not "responsible" parties that owed the corporation's payroll tax; and 2) simply acted on instructions of the owner. *Id*.

---

[1] The court notes that the assessments issued to Smith and Wiggins seek identical sums and address the same periods. The assessments against Swinford and Gunn are likewise identical, but cover a subset of the period in the assessments issued to Smith and Wiggins.

On November 21, 2006, Swinford and Gunn, represented by counsel, filed a joint answer to the complaint, and a cross-claim against Smith and Wiggins. [doc. # 9]. The cross-claim alleges that Smith and Wiggins were managers, bookkeepers, and employees of ALM with custody and control over ALM's bank accounts, check writing, and payroll taxes. *Id*. The cross-claim further asserts that Smith and Wiggins were responsible for remitting the employment taxes to the government, but that the pair had instead embezzled and converted the funds to their own purposes. *Id*. Swinford and Gunn seek a judgment requiring Smith and Wiggins to indemnify them for any federal trust recovery penalties that were imposed against them due to the alleged failure to withhold and pay employment taxes on behalf of ALM Trucking Co. *Id*.[2]

The cross-claim included a certificate of service which stated that Smith and Wiggins were served via U.S. Mail. *Id*. However, the docket sheet in this matter indicates that by October 2, 2006, court notices that had been mailed to Smith and Wiggins were being returned by the postal service with notations such as "attempted, not known, unable to forward" or "[n]ot deliverable as addressed, unable to forward." (*See e.g.*, docket entries dated Sept. 26, 2006, and Oct. 2, 2006).[3] Indeed, neither Smith nor Wiggins participated in the parties' planning meeting or joined in the Rule 26(f) Case Management Report as required by the court's Civil Case Management Order. [*See*, doc. #s 10 & 5].

On March 30, 2007, the government and defendants, Swinford and Gunn, filed a joint motion to stay this matter pending the outcome of a related proceeding in Kentucky, *Steve W.*

---

[2] The cross-claim remains pending and will be addressed by separate order.

[3] The Clerk of Court sent the notices to the addresses provided on the summonses. *See*, doc. # 2. In contravention of Rule 11, defendants' answers did not include their addresses or telephone numbers. Fed.R.Civ.P. 11(a).

*Swinford and PeteGunn, III v. United States of America*, Case No. 5:05-CV-234-R (W.D. Ky.). (Joint Motion to Stay [doc. # 13]). In their motion, the parties represented that they had been unable to reach Wiggins and Smith, and that all mail sent to their last known addresses had been returned. *Id*. The court granted the motion to stay, and required the parties to file status reports every 90 days. (April 2, 2007, Order [doc. # 14]). Docket entries dated April 5 and 9, 2007, January 22, 2008, and April 28, 2008, indicate that court notices sent via U.S. Mail to Smith and Wiggins were returned as undeliverable.

On May 14, 2008, the government and defendants, Swinford and Gunn, filed a stipulated judgment recognizing an award in favor of the government and against Swinford and Gunn in the amount of $ 68,150.99, with interest, each party to bear their own fees and costs. (*See*, Stip. Judg. [doc. # 24]).[4]

Pursuant to a July 11, 2008, status report filed by the government, the district court lifted the stay in this matter and referred the case to the undersigned for a status conference which was set for August 7, 2008. (July 15, 2008, Order [doc. # 27]; July 22, 2008, Elect. Min. Entry [doc. # 28]). However, the notices sent by the Clerk of Court to defendants, Smith and Wiggins, were returned as undeliverable. (*See*, docket entries dated July 25, 2008). Not surprisingly, the government was unable to contact Smith and Wiggins and they did not participate in the status conference call. (August 7, 2008, Minutes [doc. # 29]). During the conference, the government argued that sanctions, including a default judgment, should be imposed against Smith and Wiggins due to their failure to appear at the status conference or to otherwise participate in the case. (*See*, October 31, 2008, Status Report [doc. # 30]). However, before issuing a show cause

---

[4] On July 7, 2008, the government filed a satisfaction of judgment. [doc. # 25].

order due to defendants' failure to appear, the undersigned asked counsel for the government to make another attempt to locate the missing defendants. (August 7, 2008, Minutes [doc. # 29]).

Over two months later, counsel for the government reported to the court that she had sent certified mail to various addresses for each remaining defendant as identified on their last-filed federal tax returns, returned mail, and in public records. (*See*, October 31, 2008, Status Report [doc. # 30]; Pl. Exhs. 1-2).[5] Counsel further represented that she had made calls to third parties, including courts and businesses, and conducted public record searches on the internet – all to no avail. (*See*, October 31, 2008, Status Report [doc. # 30]; pg. 3).

Accordingly, on November 3, 2008, the government filed a motion for the court to issue an order requiring Smith and Wiggins to show cause why a default judgment should not be entered against them. The undersigned granted the motion and ordered the defendants to show cause, in writing, on or before November 21, 2008, why a default judgment should not be entered against them in accordance with Federal Rule of Civil Procedure 37(b)(2)(A)(vii). (November 7, 2008, Show Cause Order). The Clerk of Court noticed the order via U.S. Mail to Smith and Wiggins via their addresses of record which have remained unchanged from the addresses provided on the summonses. Again, however, the mail was returned as undeliverable. [*See*, doc.#s 35-37].

## **Law and Analysis**

Local Rule 11.W requires attorneys and pro se litigants to apprise the court of any address changes. Defendants, Smith and Wiggins, have failed to comply with this requirement. Due to their inability to receive court notices, Smith and Wiggins also failed to comply with the Rule 26

---

[5] A copy was even sent to Smith's last known employer. *Id*.

5

requirements set forth in the court's Civil Case Management Order and did not appear at a court-ordered telephone status conference. Although the Federal Rules of Civil Procedure do not readily address the ramifications for a party who fails to provide the court with updated contact information, they do contemplate remedies for the ancillary effects of the omission which result, as here, in a party failing to comply with other court orders:

> **(f) Sanctions**.
>
> > **(1) In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> >
> > **(A)** fails to appear at a scheduling or other pretrial conference;
> >
> > **(B)** is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> >
> > **(C)** fails to obey a scheduling or other pretrial order.

Fed.R.Civ.P. 16(f)(1).

For violation of discovery orders, Rule 37(b)(2) permits the court to *inter alia*, strike pleadings and enter a default judgment against a disobedient party. Fed.R.Civ.P. 37(b)(2)(A)(iii, vi); *see also, U.S. For Use of M-CO Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1013 (5th Cir. 1987) (Rule 37 authorizes district courts to strike pleadings and enter default judgment for failure to comply with discovery order). Before granting a default judgment for failure to comply with discovery orders, however, the district court must consider four factors:

> (1) whether the violation was willful or in bad faith rather than simply due to inability to comply, (2) whether less drastic sanctions would effect the goals of Rule 37(b), (3) whether the violation prejudiced the opposing party's trial preparation, and (4) whether the client knew of or participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.

*Shipco, supra* (citing *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511 (5th Cir.1985)).[6]

---

[6] The district court must expressly consider the effectiveness of less severe sanctions. *Id*.

A default judgment is a "draconian" sanction that should be imposed only as a last resort. *Id*. (citation omitted).

In the case *sub judice*, defendants, Smith and Wiggins, failed to appear at one or more status/scheduling conferences, and did not obey the court's scheduling order that required their participation in the preparation of the discovery plan. Smith and Wiggins' failure to comply with the discovery orders was caused in no small part by their failure to maintain current contact information with the court. Defendants seem to have changed addresses shortly after, or even before they filed their answers. Defendants' failure to provide updated contact information was not a fleeting omission or mere oversight; they have neglected to update their addresses of record for over **two years**. Given this considerable passage of time and the government's present inability to locate Smith and Wiggins despite reasonable effort, the court cannot conclude that defendants' failure to comply with the court's discovery orders was due to anything but their own wilful or bad faith desire to hamper or impede the timely progression of this case by essentially disappearing.

Due to defendants' apparent abandonment of the case and the court's current and seemingly indefinite inability to contact them, the court cannot envision any remedy other than default to advance the case or to redress defendants' conduct. Two years have already elapsed without any sign of defendants. There is no indication that defendants will reappear if this matter is further delayed. Needless to say, defendants' failure to comply with discovery orders and their continued absence has prejudiced and effectively halted the government's trial preparation. Accordingly, the undersigned finds that the answers filed by Smith and Wiggins should be

stricken and default entered against them. Fed.R.Civ.P. 37(b)(2)(A)(iii & vi).[7]

Ordinarily, a defendant's default does not automatically warrant the entry of a default judgment. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200 (5th Cir. 1975).[8] A "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id*. The defendant, by his or her default, admits solely the well-pleaded allegations of fact within plaintiff's petition. *Id*. (citation omitted).

Here, the government's complaint seeks penalties against Smith and Wiggins due to their failure to pay over trust funds on behalf of ALM Co., Inc. The Internal Revenue Code authorizes such recovery against "any person" required to collect, account for, or pay over the withheld taxes and who "willfully" fails to do so. *Barnett v. I.R.S.*, 988 F.2d 1449, 1453 (5th Cir. 1993) (citations omitted). "[O]nce the Government offers an assessment into evidence, the burden of proof is on the taxpayer to disprove his responsible-person status or willfulness." *Id*.

The instant complaint alleges that the government issued assessments to Smith and Wiggins which they refused to pay. (Compl., ¶¶ 9-12). These factual allegations are deemed admitted by defendants' default. Defendants have not rebutted the government's showing. *See, Barnett, supra*. Accordingly, the government is entitled to a default judgment against Smith and Wiggins. *See, Culmone v. Amofah*, 2008 WL 276541 (M.D. La. Jan. 29, 2008) (default judgment entered against defendant who failed to apprise the court of his whereabouts for over three years).

---

[7] Default may also be authorized under Rule 55 proper. Fed.R.Civ.P. 55. This rule authorizes default when a party "has failed to plead or otherwise defend . . ." Fed.R.Civ.P. 55(a). Here, although defendants filed answers, they have since failed to defend the suit. Their fleeting appearance should not permit them to thwart the issuance of a default judgment which otherwise would have been available had they failed to plead at all. Fed.R.Civ.P. 55.

[8] However, Rule 37(b)(2)(A) arguably authorizes the imposition of a default judgment, without further ado. Fed.R.Civ.P. 37(b)(2)(A)(vi).

A default judgment, however, does not establish the amount of damages to be assessed even if the complaint includes factual allegations that would support a particular amount. *See, Shipco*, 814 F.2d at 1014 (citations omitted). Rule 55 provides in pertinent part that

> [i]f the plaintiff's claim is **for a sum certain or a sum that can be made certain by computation**, the clerk--on the plaintiff's request, **with an affidavit showing the amount due**--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed.R.Civ.P. 55(b)(1) (emphasis added). Normally, when, as here, the plaintiff's claim is for a sum certain, plaintiff should petition the Clerk of Court for a default judgment. *Id*. Due to the unique posture of this case, however, the best practice is for the government to submit competent summary judgment evidence and citations to relevant authorities to establish the penalty assessments and interest (if any) owed by Smith and Wiggins so that the district court may consider the submissions contemporaneously with its review of the instant report and recommendation (i.e. within the next 15 days).[9]

For the reasons set forth above,

IT IS RECOMMENDED that the answers [doc #s 3 & 4] filed by defendants, Johnny G. Smith and Irene D. Stephens Wiggins f/k/a Irene D. Smith, be STRICKEN from the record.

IT IS FURTHER RECOMMENDED that a default judgment be entered against defendants, Johnny G. Smith and Irene D. Stephens Wiggins f/k/a Irene D. Smith, and that penalty assessments, statutory interest, and all assessable court costs[10] be awarded in favor of

---

[9] The government should also address whether Smith and Wiggins are entitled to any credit for the sums remitted by their co-defendants.

[10] The amount of costs shall be determined by the Clerk of Court in the first instance. LR 54.3. An interactive version of AO Form 133 "Bill of Costs" may be found on the court's website: http://www.lawd.uscourts.gov/.

plaintiff, the United States of America, and against said defendants in an amount established by the government's submission of competent summary judgment evidence.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 4th day of December, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE